IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAY P.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-441**     (Fam. Ct. Kanawha Cnty. Case No. FC-20-2022-D-679)

**CASEY S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay P.[1] ("Father") appeals the Family Court of Kanawha County's September 29, 2025, order granting Respondent Casey S.'s ("Mother") petition for modification. Mother filed a response.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were never married but share one minor child, born in 2016. On November 15, 2024, the family court modified the parties' parenting plan and implemented a 50-50 parenting plan.[3] This Court affirmed the family court's order in an earlier appeal. *See Casey S. v. Jay P.*, No. 24-ICA-500, 2025 WL 1604607 (W. Va. Ct. App. June 6, 2025) (memorandum decision). Because our prior decision provides a detailed recitation of the factual and procedural history up to that point, we limit our discussion in this appeal to the developments that led to the order now before us.

On October 20, 2024, Mother filed a domestic violence petition ("DVP") against Father, alleging that he had assaulted her earlier that day at their child's football game. Mother claimed that Father hit her, pushed her to the ground, and broke her cellphone

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Joseph H. Spano, Jr., Esq.

[3] The family court granted this modification in response to Father's petition for modification.

before punching Mother's boyfriend in the face. Law enforcement responded to the scene and prepared a report, but no criminal charges were filed. Mother sought an order of protection against Father and temporary custody of the parties' child.

The family court heard the DVP on November 15, 2024, and thereafter granted Mother a domestic violence protective order ("DVPO"). The order reflects that Father contested Mother's allegations but consented to the entry of the DVPO without any findings of domestic violence. *See* W. Va. Code § 48-27-501 (2001). The family court awarded Mother temporary sole custody but directed that the parties' 50-50 parenting plan would commence on December 16, 2024. The DVPO was issued for 180 days and expired on May 14, 2025.

Mother filed a petition to modify the parties' 50-50 parenting plan on January 16, 2025. A notice of hearing was issued on January 27, 2025, setting the matter for hearing on March 19, 2025. Father was served on February 1, 2025. He filed a motion to continue the hearing, which was granted by the family court.[4] Notably, Father never filed a response to Mother's petition for modification.

The family court heard the matter June 3, 2025. According to the family court's order, the parties had proper notice of the hearing and Mother appeared, but Father did not. Following the hearing, the family court granted Mother's petition and memorialized its findings in the order presently on appeal.

In its order, the court noted that limiting factors existed under the provisions of West Virginia Code § 48-9-209 (2024) and rebutted the presumption of 50-50 custody.[5] Particularly, the court found that the court awarded Mother a prior DVPO against Father in September 2022, and that Mother was granted another DVPO in November of 2024. With respect to the November DVPO, the court noted Father consented to the requested relief without the court making findings regarding domestic violence. However, at the June 3, 2025, hearing, the court heard testimony regarding that underlying incident. Thereafter, the court found that Father engaged in domestic violence against Mother and her boyfriend. The court noted that while it was unclear whether the parties' child witnessed the physical

---

[4] According to the record, Father sought a continuance due to his pending domestic battery charges in magistrate court, related to an incident involving Father's girlfriend and their unborn child. Those charges were subsequently dismissed when the victim failed to appear for the magistrate court hearing.

[5] While not expressly stated in the family court's order, it can be inferred that the court found a substantial change in circumstances existed pursuant to West Virginia Code 48-9-401(d) (2022). While it does not affect our resolution of this appeal, we take this opportunity to stress that in future orders, the family court must strive to provide sufficient clarity to its orders for appellate review.

confrontation, the child did witness Mother's boyfriend bleeding as a result. The incident was witnessed by the child's friends and their parents who talked about the altercation. The court made the additional finding that in December 2024 Father was arrested and charged for domestic battery against his girlfriend and unborn child, and that the parties' child witnessed his arrest. The court further found that it had previously continued its hearing on Mother's petition due to those pending charges, and that the charges were dismissed because the victim did not appear for trial.

Based on these facts, the court found that domestic violence had occurred on more than one occasion, and that domestic violence was a limiting factor pursuant to West Virginia Code § 48-9-209[(a)](3). Additionally, pursuant to West Virginia Code § 48-9-209(f)(4)(B), Father has been judicially determined to have committed domestic violence on more than one occasion. As a result, the court found the 50-50 presumption was rebutted and proceeded to formulate a new parenting plan in accordance with the best interests of the child and the provisions of West Virginia Code § 48-9-102a (2022). The new parenting plan placed the child in Mother's primary custody and provided Father with both unsupervised parenting time and telephone contact with the child. Further, in light of the 2024 DVPO, the court implemented safeguards to prevent both parents from attending the child's sports activities at the same time.[6]

Father's appeal followed. When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father does not dispute that he failed to appear at the June 3, 2025, hearing despite receiving proper notice. Instead, he challenges the family court's factual findings. Specifically, he contends that the court failed to adequately consider all of the evidence related to the November 2024 DVPO incident. He asserts that a proper evaluation

---

[6] Because we dispose of the appeal on separate grounds, a complete recitation of the latest parenting plan is superfluous.

of the evidence would have required the court to apply the domestic violence limiting factor to both parties because, in his view, Mother engaged in equally culpable conduct. Father further claims that the court manipulated the law and distorted the facts to benefit Mother and to deprive him of custodial rights. He maintains that the court's ruling demonstrates bias and prejudice against him. However, our review of these alleged errors is foreclosed due to Father's failure to appear at the June 3, 2025, hearing.

As this Court has previously observed, "our general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered. Where objections were not shown to have been made in the family court, and the matters concerned were not jurisdictional in character, such objections will not be considered upon appeal." *Minor v. Ford*, No. 23-ICA-130, 2024 WL 794605, at *3 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) (citation modified). We have also noted that "objections must be made in the lower court to preserve such issue for appeal." *In re R.T.*, No. 23-ICA-115, 2023 WL 6290594, at *2 (W. Va. Ct. App. Sept. 26, 2023) (memorandum decision) (citation modified). On appeal, Father's arguments directly challenge the evidence below and the family court's application of the law to the facts; these are purely nonjurisdictional issues. Consequently, because Father did not appear below to challenge Mother's evidence, present his own case, and place objections to the court's rulings on the record, his arguments have been waived. Therefore, Father cannot establish error below, and as a result, we affirm the family court's September 29, 2025, order granting Mother's petition for modification.

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White